# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818 9200

33 WOOD AVENUE  SOUTH
ISELIN, NJ 08830-2735
(732) 603-4966

FAX (212) 818-9606
www.ssbb.com

E-Mail: jdoty@ssbb.com
(212) 404-8718

July 8, 2011

Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>JPMorgan Chase Bank, N.A. v. Joseph Mundola, et al.</u>, Civ. No. 10-cv-5383

Dear Judge Pohorelsky:

On behalf of Plaintiff-in-Interpleader JPMorgan Chase Bank, N.A. ("JPMorgan"), I write in response to the July 5, 2011 letter from counsel for Defendant-in-Interpleader Emilia Addeo, who seeks to file an Amended Answer that abruptly abandons any claim to the interpleaded funds, flatly contradicts the central allegations in her original Answer, and withdraws her counterclaims against JPMorgan.  Contrary to the assertions of Ms. Addeo's counsel, JPMorgan does not categorically oppose Ms. Addeo's proposed amended pleading but requests only that Ms. Addeo withdraw her counterclaims against JPMorgan with prejudice.  As explained below, JPMorgan believes that this is the only appropriate course in light of the fact that the counterclaims were knowingly baseless <u>when filed</u> and in light of Ms. Addeo's repeated revision of her allegations regarding her purported entitlement to the interpleaded funds.

As Your Honor will recall, this case primarily concerns competing claims to the proceeds of a JPMorgan account of Melita Botteri, who died in March of 2009 in Rome.  Joseph Mundola claims (and JPMorgan agrees) that the account (the "Botteri Account") was designated "in trust for" him and that he was properly paid the proceeds of the account upon his presentation of a certified copy of Ms. Botteri's death certificate.  (<u>See</u> Answer, Docket No. 19 ¶¶ 34-35.)  The New York State Department of Taxation and Finance, meanwhile, alleges that a tax lien against Mr. Mundola entitles the agency to any funds in his possession.  (<u>See</u> Answer, Docket No. 11 ¶ 35.)  And Ms. Addeo, in her current Answer, asserts that she was entitled to the funds under Ms. Botteri's alleged will, under which she is purportedly Ms. Botteri's sole beneficiary and which was purportedly probated by an Italian court in August 2009.  (<u>See</u> Answer, Docket No. 6 ¶ 42.)  Her initial pleading also asserts counterclaims against JPMorgan, alleging that, since the Italian court

1194057_1

SATTERLEE STEPHENS BURKE & BURKE LLP

July 8, 2011
Page 2

granted Ms. Addeo Letters Testamentary in August 2009, the bank has wrongfully refused her multiple requests for payment of the funds in the Botteri Account. (See id. ¶¶ 43, 50-69.) These assertions were repeated by Ms. Addeo's counsel at the case management conference on February 23, 2011 and again at the May 6, 2011 status conference.

Documents recently produced by Ms. Addeo have revealed that these allegations are groundless – and perhaps fabricated. In a document she submitted to the Italian court in August 2009, Ms. Addeo swore that Ms. Botteri died intestate, and in a form submitted to the IRS in 2010, she likewise asserted that Ms. Botteri died without a will and that Letters Testamentary were not granted by the Italian court. (See Ex. A (asserting that Ms. Botteri died "ab intestato"); Ex. B at A033 1a, 1b (indicating that Ms. Botteri died intestate and that Letters Testamentary were not granted).) In short, Ms. Botteri's assertion – repeated throughout this litigation – that an Italian court recognized her as the sole beneficiary under Ms. Botteri's probated will runs directly contrary to documents in her own possession.

Not surprisingly, Ms. Addeo sought to amend her Answer after these documents were produced to JPMorgan. Now, instead of asserting that an Italian court probated Ms. Botteri's will and recognized her as sole beneficiary, Ms. Addeo alleges that Ms. Botteri's alleged will – which is two paragraphs long and was purportedly executed when Ms. Botteri was 95 (Ex. C) – was "discovered" in November 2009 and still has not been probated by the Italian court, more than two years after Ms. Botteri's death. (See Ex. D ¶ 35.) In lieu of an explanation of what exactly is transpiring in Italy, Ms. Addeo alleges simply (and cryptically) that "Inheritance Proceedings continue in Rome." (See id.) Nowhere in her proposed Amended Answer or in her letter to the Court does Ms. Addeo explain why she mistakenly and repeatedly informed the Court that she was the sole beneficiary under Ms. Botteri's probated will, a misstatement that is exceedingly difficult to understand in light of the fact that the purported executrix of Ms. Botteri's estate, Claudia D'Amico, is also Ms. Addeo's personal attorney. (See, e.g., Ex. B (stating that Ms. D'Amico was the executor of Ms. Botteri's estate); Ex E (in which Ms. D'Amico asserts that she is Ms. Addeo's "personal representative").)

Ms. Addeo's "newly-discovered" factual allegations are disconcerting for several additional reasons. For one thing, the assertion that Ms. Botteri's purported will was "discovered" only in November 2009 seems as questionable as the allegations in Ms. Addeo's current Answer in light of the fact that Ms. D'Amico in May 2009 informed JPMorgan that Ms. Addeo was the "sole heir" under Ms. Botteri's will. (See Ex. E.) For another thing, the documents produced by Ms. Addeo reveal that she long ago sold Ms. Botteri's apartment in Rome and received the proceeds of another bank account of Ms. Botteri (see Ex. F), even though she now alleges that probate proceedings in Italy have not yet concluded. Even more troublingly, Ms. Addeo and Ms. D'Amico appear to have serially misrepresented Ms. Addeo's claim to the funds in the Botteri Account to several different parties:

2

SATTERLEE STEPHENS BURKE & BURKE LLP

July 8, 2011
Page 3

- <u>To the Italian court</u>:  In August of 2009, when she allegedly believed that Ms. Botteri died intestate, Ms. Addeo swore to the Italian court that she was Ms. Botteri's sole surviving heir (<u>see</u> Ex. A), even though she and Mr. Mundola are equally related to Ms. Botteri.

- <u>To JPMorgan</u>:  In 2009 and 2010, Ms. Addeo and Ms. D'Amico repeatedly demanded that JPMorgan pay the proceeds of the Botteri Account to Ms. Addeo, even though Ms. Addeo now admits that no Italian court has ever recognized her as the sole beneficiary under Ms. Botteri's purported will.

- <u>To the IRS</u>:  In 2010, <u>after</u> her alleged "discovery" of the purported will in November 2009, Ms. Addeo informed the IRS that Ms. Botteri died intestate.

- <u>To this Court</u>:  Most troublingly, and as noted above, Ms. Addeo has repeatedly asserted in this Court that the Italian court recognized her as the sole beneficiary under Ms. Botteri's will and granted her Letters Testamentary even though documents <u>in her own possession</u> directly refute these assertions. Only when Ms. Addeo produced those documents – and thus knew that her misrepresentations would be revealed to JPMorgan – did she seek to amend her pleading.

In short, Ms. Addeo's (mis)representations to various parties over the course of approximately two years reveal that she has been, to put it mildly, far less than consistent in asserting entitlement to the funds in the Botteri Account.  In view of Ms. Addeo's demonstrated tendency to shift her allegations when inconvenient facts come to light, the withdrawal of her counterclaims seems a rear-guard action designed to save the claims so that she can pursue them elsewhere – perhaps before an Italian court.  Because such a maneuver would result in substantial prejudice to JPMorgan, we believe that all parties should attend the scheduled July 19, 2011 status conference to discuss the immediate resolution of this case.  At the very least, JPMorgan does not believe that Ms. Addeo should be permitted to amend her pleading unless the counterclaims against JPMorgan are withdrawn with prejudice.

Respectfully submitted,

James Doty

3

1194057_1

# Exhibit A

# EQUIVALENT DECLARATION OF AFFIDAVIT

## D.P.R. (Republic Presidential Decree) n° 445 - dec. 28th 2000

The undersigned:

**ADDEO Emilia Barbara**, born in **N.Y. (N.Y. – USA)** on July 23rd 1934, resident in Coral Springs – Pompano – Florida, 33071 (USA), 9257 North West 5th Court, U.S. citizen,

## D e c l a r e s

That, on March 18th 2009, has deceased, *ab intestato,* in Rome (RM), **Mrs. MUNDOLA Melita**, who was born in Alessandria (Egypt), on February 13th 1913, resident (in life), in Rome, Via dell'Aquila Reale, n° 45, leaving as her sole heir by law, the undersigned nephew **ADDEO Emilia Barbara**, as above identified;

That except the undersigned heir there isn't anyone else having the right of succession on **MUNDOLA Melita** inheritance;

That the undersigned heir is in full possession of all her faculties and is legally capable to act.

Rome, August 5th 2009

(Signature)

The undersigned lawyer, Luigi GALLORI, Notary in Rome, with office in Viale G. Mazzini, n° 88, member of the Notary register of the united districts of Rome, Velletri and Civitavecchia, certifies, as real and authentic, the above signature:

- **ADDEO Emilia Barbara**, born in **N.Y. (N.Y. - USA)**, on July 23rd 1934, resident in Coral Springs – Pompano – Florida, 33071, 9257 North West Court,

- Of whose personal identity, in my Notary capacity, I am certain and whom I personally warned on the legal responsibilities deriving from false declarations, has signed, in my presence, at the foot of the page, the above declaration, according to D.P.R. n° 445 December 28th 2000.

Rome, August 5th two thousand nine (08.05.2009)

# Exhibit B

CLIENT COPY

Form **706-NA**

(Rev. September 2009)

Department of the Treasury
Internal Revenue Service

**United States Estate (and Generation-Skipping Transfer) Tax Return**
Estate of nonresident not a citizen of the United States
To be filed for decedents dying after December 31, 2008.
► See separate instructions.

OMB No. 1545-0531

**Attach supplemental documents and translations. Show amounts in U.S. dollars.**

### Part I  Decedent, Executor, and Attorney

| 1a Decedent's first (given) name and middle initial | 1b Decedent's last (family) name | 2 U.S. taxpayer ID number (if any) |
|---|---|---|
| MELITA | BOTTERI | 087 : 36 : 3211 |

| 3 Place of death | 4 Domicile at time of death | 5 Citizenship (nationality) | 6 Date of death |
|---|---|---|---|
| ROME, ITALY | VIA DELL'AQUILA REALE 45 | ITALIAN | MARCH 18, 2009 |

| 7a Date of birth | 7b Place of birth | 8 Business or occupation |
|---|---|---|
| FEB. 13, 1913 | ALEXANDRIA, EGYPT | HOUSEWIFE |

|  | 9a Name of executor | 10a Name of attorney for estate |
|---|---|---|
| In United States | ADDEO BARBARA EMILIA | NONE |
|  | **b** Address | **b** Address |
|  | 9257 NW 5TH COURT, CORAL SPRING POMPANO, FL |  |

|  | 11a Name of executor | 12a Name of attorney for estate |
|---|---|---|
| Outside United States | CLAUDIA D'AMICO | CLAUDIO D'AMICO |
|  | **b** Address | **b** Address |
|  | VIA PIO VIII, 30 ROME, ITALY | VIA PIO VIII, 30 ROME, ITALY |

### Part II  Tax Computation

| | | | |
|---|---|---:|---:|
| 1 | Taxable estate from Schedule B, line 9 | 1 | 800,827 |
| 2 | Total taxable gifts of tangible or intangible property located in the U.S., transferred (directly or indirectly) by the decedent after December 31, 1976, and not included in the gross estate (see section 2511) | 2 | 0 |
| 3 | Total. Add lines 1 and 2 | 3 | 800,827 |
| 4 | Tentative tax on the amount on line 3 (see instructions) | 4 | 268,123 |
| 5 | Tentative tax on the amount on line 2 (see instructions) | 5 | 0 |
| 6 | Gross estate tax. Subtract line 5 from line 4 | 6 | 268,123 |
| 7 | Unified credit. Enter smaller of line 6 amount or maximum allowed (see instructions) | 7 | 268,123 |
| 8 | Balance. Subtract line 7 from line 6 | 8 | 0 |
| 9 | Other credits (see instructions) | 9 | |
| 10 | Credit for tax on prior transfers. Attach Schedule Q, Form 706 | 10 | |
| 11 | Total. Add lines 9 and 10 | 11 | 0 |
| 12 | Net estate tax. Subtract line 11 from line 8 | 12 | 0 |
| 13 | Total generation-skipping transfer tax. Attach Schedule R, Form 706 | 13 | 0 |
| 14 | Total transfer taxes. Add lines 12 and 13 | 14 | 0 |
| 15 | Earlier payments. See instructions and attach explanation | 15 | 0 |
| 16 | Balance due. Subtract line 15 from line 14 (see instructions) | 16 | 0 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. I understand that a complete return requires listing all property constituting the part of the decedent's gross estate (as defined by the statute) situated in the United States. Declaration of preparer (other than executor) is based on all information of which preparer has any knowledge.

| Sign Here | Signature of executor | Date |
|---|---|---|
|  | Signature of executor | Date |

| Paid Preparer's Use Only | Preparer's signature | Date FEB. 3, 2010 | Check if self-employed ☐ | Preparer's SSN or PTIN P00179101 |
|---|---|---|---|---|
|  | Firm's name (or yours, if self-employed), address, and ZIP code | FLEOLA PANSUTO 261 & ASSOCIATI VIALE CASTRO PRETORIO 122, 00185 ROME, IT | EIN | Phone no. ( ) |

For Privacy Act and Paperwork Reduction Act Notice, see the separate instructions.   Cat. No. 10149K   Form **706-NA** (Rev. 9-2009)

A0032

Form 706-NA (Rev. 9-2009)

## Part III   General Information

Page **2**

| | | Yes | No |
|---|---|---|---|
| 1a | Did the decedent die testate? | | ✓ |
| b | Were letters testamentary or of administration granted for the estate? | | ✓ |
| | *If granted to persons other than those filing the return, include names and addresses on page 1.* | | |
| 2 | Did the decedent, at the time of death, own any: | | |
| a | Real property located in the United States? | ✓ | |
| b | U.S. corporate stock? | | ✓ |
| c | Debt obligations of (1) a U.S. person, or (2) the United States, a state or any political subdivision, or the District of Columbia? | | ✓ |
| d | Other property located in the United States? | ✓ | |
| 3 | Was the decedent engaged in business in the United States at the date of death? | | ✓ |
| 4 | At the date of death, did the decedent have access, personally or through an agent, to a safe deposit box located in the United States? | | ✓ |
| 5 | At the date of death, did the decedent own any property located in the United States as a joint tenant with right of survivorship; as a tenant by the entirety; or, with surviving spouse, as community property? | | ✓ |
| | *If "Yes," attach Schedule E, Form 706.* | | |
| 6a | Had the decedent ever been a citizen or resident of the United States (see instructions)? | | ✓ |
| b | If "Yes," did the decedent lose U.S. citizenship or residency within 10 years of death? (see instructions) | | |

| | | Yes | No |
|---|---|---|---|
| 7 | Did the decedent make any transfer (of property that was located in the United States at either the time of the transfer or the time of death) described in sections 2035, 2036, 2037, or 2038 (see the instructions for Form 706, Schedule G)? | | ✓ |
| | *If "Yes," attach Schedule G, Form 706.* | | |
| 8 | At the date of death, were there any trusts in existence that were created by the decedent and that included property located in the United States either when the trust was created or when the decedent died? | | ✓ |
| | *If "Yes," attach Schedule G, Form 706.* | | |
| 9 | At the date of death, did the decedent: | | |
| a | Have a general power of appointment over any property located in the United States? | | ✓ |
| b | Or, at any time, exercise or release the power? | | ✓ |
| | *If "Yes" to either a or b, attach Schedule H, Form 706.* | | |
| 10a | Have federal gift tax returns ever been filed? | | ✓ |
| b | Periods covered ▶ | | |
| c | IRS offices where filed ▶ | | |
| 11 | Does the gross estate in the United States include any interests in property transferred to a "skip person" as defined in the instructions to Schedule R of Form 706? | | ✓ |
| | *If "Yes," attach Schedules R and/or R-1, Form 706.* | | |

## Schedule A. Gross Estate in the United States (see instructions)

Do you elect to value the decedent's gross estate at a date or dates after the decedent's death (as authorized by section 2032)? ▶ To make the election, you must check this box "Yes." If you check "Yes," complete all columns. If you check "No," complete columns (a), (b), and (e); you may leave columns (c) and (d) blank or you may use them to expand your column (b) description.    Yes  No

| (a) Item no. | (b) Description of property and securities. For securities, give CUSIP number | (c) Alternate valuation date | (d) Alternate value in U.S. dollars | (e) Value at date of death in U.S. dollars |
|---|---|---|---|---|
| 1 | APARTMENT: VIA DELL'AQUILA REALE, 45 ROME, ITALY | | | 194,805 |
| 2 | BANK ACCT: JP MORGAN CHASE ACCT #: 000000501485098 | | | 800,827 |
| 3 | BANK ACCT: BANCA NAZIONALE DI LAVORO ACCT #: 06300455871 | | | 45,048 |
| Total | *(If you need more space, attach additional sheets of same size.)* | | | |

## Schedule B. Taxable Estate

**Caution. You must document lines 2 and 4 for the deduction on line 5 to be allowed.**

| | | | |
|---|---|---|---|
| 1 | Gross estate in the United States (Schedule A total) | 1 | 800,827 |
| 2 | Gross estate outside the United States (see instructions) | 2 | 239,853 |
| 3 | Entire gross estate wherever located. Add amounts on lines 1 and 2 | 3 | 1,040,680 |
| 4 | Amount of funeral expenses, administration expenses, decedent's debts, mortgages and liens, and losses during administration. Attach itemized schedule. (see instructions) | 4 | 0 |
| 5 | Deduction for expenses, claims, etc. Divide line 1 by line 3 and multiply the result by line 4 | 5 | 0 |
| 6 | Charitable deduction (attach Schedule O, Form 706) and marital deduction (attach Schedule M, Form 706, and computation) | 6 | 0 |
| 7 | State death tax deduction (see instructions) | 7 | 0 |
| 8 | Total deductions. Add lines 5, 6, and 7 | 8 | 0 |
| 9 | Taxable estate. Subtract line 8 from line 1. Enter here and on line 1 of Part II | 9 | 800,827 |

Form 706-NA (Rev. 9-2009)

A0033

# Exhibit C

# TESTAMENT

The undersigned, Mrs. Melita Mundola Botteri, born in Alessandria (Egypt), on February 1913, resident in Rome (Italy), in Via dell'Aquila Reale, n° 45 – building F, apartment n° 6 - zip code 00169 (RM), in full possession of all my mental faculties, I dispose that, after my death, should my heir not be informed or know already, that my decease will immediately be announced to Mrs. Emilia Addeo Barbara, born in New York (N.Y.), on July 23rd 1934, resident in Coral Springs Pompano (FL), 9257 North West, 5th Court (U.S.A.), whom I choose as my universal an only heir.

Mrs. Emilia Barbara Addeo, in her quality of universal heir, will take care of all and any formalities concerning my properties, the selling of my apartment located in Rome, Via dell'Aquila Reale, including all my belongings contained inside of it. I confer to her, moreover, the faculty to dispose of all my belongings and all the sums deposited in various bank accounts in my name.

Rome, October 20th 2008

Yours faithfully,

(Mrs. Melita Mundola Botteri)

# Exhibit D

Christopher Hitchcock, Esq.
Hitchcock & Cummings, LLC
120 West 45th Street, Suite 405
New York, New York 10036
Phone Number: (212) 688-3025
Fax Number: (212) 688-3040
Email: chitchcock@hitchockcummings.com

Roy H. Carlin, PC, Of Counsel
900 Third Avenue, 13th Floor
New York, New York 10022
Phone Number: (212) 508-7545
Fax Number:  (212) 371-1084
Email:  rcarlin@carlnlawoffices.com

-   and –

Lorance Hockert, Esq., LLC
880 Third Avenue, 13th Floor
New York, New York 10022
Phone Number:  (212) 752-3380
Fax Number:  (212) 343-1131
Email: lhockert@hockertlaw.com

Counsel to Defendant Emilia Addeo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JPMORGAN CHASE BANK, N.A.,            :
BROOKLYN OFFICE                      :
                                     :
              Plaintiff-in-Interpleader,    :        10 Civ. 5383
                                     :        Matsumoto, J.
                                     :        District Judge
        - versus-                    :
                                     :        Pohorelsky, V
JOSEPH MUNDOLA, EMILIA ADDEO, and    :        Magistrate Judge
JAMIE WOODWARD in her capacity as Acting :
Commissioner for the NEW YORK STATE  :
DEPARTMENT OF TAXATION AND FINANCE,  :
                                     :
              Defendants-in-Interpleader.   :
---------------------------------------------------------------x

### ADDEO'S FIRST AMENDED ANSWER
### TO THE AMENDED COMPLAINT  DATED
### JANUARY 6, 2010 (sic 2011)

Defendant Emilia Addeo ("Addeo"), by and through her attorneys Roy H. Carlin,

P.C., Lorance Hockert, Esq., LLC and Hitchcock & Cummings, LLP, answers JP

Morgan Chase Bank, N.A., Brooklyn Office's ("Chase") complaint upon information and belief as follows:

## PRELIMINARY STATEMENT

1.      Paragraph 1 of the complaint requires neither an admission nor a denial.

## PARTIES

2.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

3.      Admits the allegations contained in paragraph 3 of the complaint.

4.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint.

5.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint.

## JURISDICTION AND VENUE

6.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the complaint.

7.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the complaint.

## FACTUAL BACKGROUND

8.      Admits the allegations contained in paragraph 8 of the complaint.

9.      Admits the allegations contained in paragraph 9 of the complaint, except denies any knowledge or information sufficient to form a belief as whether the Botteri

Accounts[1] were created and held in the State of New York and are governed by New York law.  The Botteri Account statements bear Plaintiff's address:

> P.O. Box 260180
> Baton Rouge, LA  70826
>
> -and-
>
> Botteri[2]'s address:
>
> HOLD – DO NOT MAIL
>
> Melita Botteri
> Via Dell Aquila Reale 4J
> PAL F INT 6
> Rome, Italy

Although requested, Plaintiff has refused and failed to provide the Estate of Melita Botteri or Defendant Addeo with the Botteri's Account Signature Cards and Customer Agreements, if any.

10.     Denies the allegations contained in paragraph 10 of the complaint.

11.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint.

**Ms. Addeo Claims an Entitlement
to Funds in the Botteri Accounts**

12.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the complaint, except admits that Dr. Claudia D'Amico, Italian counsel to the Estate of Botteri and Addeo, demanded from Plaintiff payment(s) and documents, which demands and communications speak for themselves.

---

[1] "Botteri Accounts" shall mean a Chase Premium Checking Account and a Chase Plus Savings Account reflected in a monthly Chase Consolidated Statement.
[2] "Botteri" shall mean Sigra Melita Mundola Botteri who died in Rome, Italy on March 18, 2009 as a resident of Rome and a citizen of Italy, neither a resident of New York nor a citizen of the United States.

3

13.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the complaint, except admits that Dr. Claudia D'Amico, Italian counsel to the Estate of Botteri and Addeo, demanded from Plaintiff payment(s) and documents, which demands and communications speak for themselves.

14.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the complaint, except admits that Dr. Claudia D'Amico, Italian counsel to the Estate of Botteri and Addeo, demanded from Plaintiff payment(s) and documents, which demands and communications speak for themselves.

**Mr. Mundola Claims an Entitlement to, and**
**Receives (sic) the Funds in the Botteri Accounts**

15.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the complaint.

16.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the complaint.

17.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the complaint.

**Ms. Addeo Continues to Claim Entitlement**
**to Disputed Funds and Threatens Legal Action**

18.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the complaint, except admits that the Estate of Botteri and Addeo have demanded payment, which communications speak for themselves.

4

19.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the complaint, except admits that the Estate of Botteri and Addeo have demanded payment, which communications speak for themselves.

20.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the complaint, except admits that the Estate of Botteri and Addeo have demanded payment, which communications speak for themselves.

21.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the complaint, except admits the Estate of Botteri and Addeo have demanded payment, which communications speak for themselves.

22.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the complaint.

23.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the complaint.

24.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the complaint

25.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the complaint, except admits that the Estate of Botteri and Addeo have demanded payment, which communications speak for themselves.

**The New York State Department of Finance and**
**Taxation serves Levy upon Chase Mundola Accounts**

26. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the complaint.

27. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the complaint.

<u>COUNT I</u>
<u>(STATUTORY INTERPLEADER PURSUANT TO 28 USC §1335)</u>

28. In response to the paragraph 28 in the complaint, Addeo repeats and realleges each and every response to the allegations of the complaint as contained in the paragraphs 1 through 27 as if more fully set forth herein.

29. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint, except avers that Addeo did not collude with either Plaintiff or Mundola.

31. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the complaint

32. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the complaint.

33. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(ESSENTIAL PARTY)**

34. The Estate of Botteri, the successor to Botteri, the named customer on the Plaintiff's avered Botteri Accounts, is an essential party.

## SECOND AFFIRMATIVE DEFENSE
## ADMINISTRATION OF THE ESTATE PENDING IN ITALY

35.     On information and belief, in or about August 5, 2009, Addeo, with attorney D'Amico, made a Declaration before a Notary in Italy. By reason of the Declaration, Addeo, as Heir, was authorized to marshal the assets of the Estate of Botteri. In or about November 2009, when the contents of the Botteri home were given to the Church, an original Will of Botteri was discovered naming Addeo sole Heir. The Inheritance Proceedings continue in Rome.

## THIRD AFFIRMATIVE DEFENSE
## (CONVERSION)

36.     Approximately one year after the Estate of Botteri and Addeo filed a claim with Plaintiff providing Plaintiff with the documentation that it requested, Plaintiff and Mundola converted the proceeds of the Botteri Accounts.  Without notice to claimant Addeo, Plaintiff paid the proceeds of the Botteri Accounts to Mundola.

## FOURTH AFFIRMATIVE DEFENSE
## (NO DOCUMENTS TO SUPPORT THAT THE
## BOTTERI ACCOUNTS "IN TRUST FOR" MUNDOLA)

37.     On information and belief, Plaintiff does not possess proper original documents evidencing that Botteri held the Botteri Accounts "in trust for" Addeo.

## FIFTH AFFIRMATIVE DEFENSE
## NO JURISDICTION OVER NEW YORK
## STATE DEPARTMENT OF TAXATION AND FINANCE

38.     Under Federal Rules of Civil Procedure 4(a)(2), this Court must grant leave for a summons to be amended adding a party.

39.     Plaintiff failed to seek leave.

40.     This Court has no jurisdiction over New York State.

7

**WHEREFORE**, Defendant Addeo prays for judgment:

A.      on the Interpleader Complaint, granting judgment to Defendant Addeo;

B.      granting Defendant Addeo such other and further relief as is just and proper; and

C.      awarding Defendant Addeo attorney fees, interest, costs and disbursements.

Dated:   New York, New York
         June 16, 2011

                                    _____/s/ Roy H. Carlin, Esq. (RC9925) /s/_____
                                    Roy H. Carlin, Esq. (RC 9925)
                                    Lorance Hockert, Esq.
                                         -and-
                                    Christopher B. Hitchcock, Esq (CBH 7689)

                                    Attorneys for Defendant Emilia Adeo

TO:

James Doty, Esq.
Satterlee, Stephens, Burke & Burke
Attorney for Plaintiff JPMorgan Chase
230 Park Avenue
New York, NY 10169
212-818-9200
Fax: 212-818-9606
Email: jcoster@ssbb.com

Elizabeth Prickett-Morgan, Esq.
New York State Office of the Attorney General
Attorney for Defendant
New York State Department of Taxation
120 Broadway, 24th Floor
New York, NY 10271-0332
212-416-6276
Email: Elizabeth.Prickett-Morgan@oag.state.ny.us

Robert J. Adinolfi
Louis & Adinolfi
Attorney for Defendant
Joseph Mundola
110 Wall Street, 11th Floor
New York, NY 10005
212-709-8119
Email: robertadinolfiesq@hotmail.com

Edward Delli Paoli
129 New Dorp Plaza
Staten Island, New York 10306

# Exhibit E

**Roma 15 maggio 2009**

**Spett.le**
**JPMORGAN CHASE  Bank**


    Gentelman: As the legal rapresentative of Mrs. Emilia Addeo, in reference to the payment of check n. 212 and 132 for the total sum of $ 50.000,00, I need to inform you that Mrs. Melita Botteri passed away on March 18th 2009.  Enclosed  is a copy of the death certificate for your perusal.

    I'm enclosing a letter that Mrs. Botteri had already sent before her death. As you can see Mrs Botteri wished the checks to be payed to my client, Mrs. Emilia Addeo.

    As is clear  on her account n. 000000501485098   the final balance is 799,224.29, so both checks dated January and February 2009 (well before Mrs Botteri's demise) can be payed in full.

    May I add that Mrs Emilia Addeo, who  has selected me as her personal representative, is the sole heir of all Mrs. Botteri's patrimony as will be clear as soon as I am able to send you a copy of the will.

    Please reply as soon as possible.

    Sincerily yours ,


    **(Avv. Claudia D'Amico)**


**CONFIDENTIAL**
**JPMC000622**

# Exhibit F

# STUDIO LEGALE D'AMICO & D'AMICO

- *Avv. Claudia D'AMICO*
- *Avv. Raimondo D'AMICO*

**Roma 5 febbraio 2010**

## TO WHOM IT MAY CONCERN

I, Claudia D'Amico, nominated by Emilia Barbara Addeo, attorney and executor of the estate of the deceased Mrs. Melita Botteri, born Mundola,    declairs that Mrs. Melita Botteri, born Mundola, upon her death in Rome-Italy March 18th 2009, had, to my knowledge, the following assets:

1) JP Morgan Chase Bank, N.A., bank account n. 000000501485098 for a total of $ 800,826,60 ;

2) apartment situated in Rome, Italy, Via dell'Aquila Reale, n. 45, for the approximate value of €. 194,805;

3) Rome-Italy bank, "Banca Nazionale del Lavoro", account n. 06300455871 for a total of €. 34.686,80 of which the heir (Addeo Emilia Barbara) received €. 32,100.00;

Mrs Addeo Emilia Barbara, has already paid to Italian Tax Authorities,  for assets n. 2 and 3, the sum of €. 2.861,88.

Furthermore, Mrs. Melita Botteri, born Mundola, was not a US citizen and did not reside in the US.

I have no copies of any eventual inventories filed with domestic or foreign probate authorities.

I am including a copy of the inheritance tax paid as of Agenzia delle Entrate, Rome.

Sincerely yours,

**Avv. Claudia D'Amico**

c/o Roma Bravetta – Casella Postale 18021 – c.a.p. 00164 – Tel. 06/66.030.297 ~ 06/98.182.070 – Fax 06/45.43.33.47
E-mail: studiodamico@...

A0040