CHASE

Jeffrey L. Davis
Vice President and Assistant General Counsel
Legal and Compliance Department

September 20, 2010

Joseph Mundola
PO Box 110232
Brooklyn, NY 11211-0232

Re:  Accounts of Mrs. Melita Botteri, deceased;
Your Chase Plus Savings Account Number ending xxxx7301

Dear Mr. Mundola:

On March 18, 2010, you received payments from JPMorgan Chase Bank, N.A. ("Chase Bank"), representing the proceeds of savings and checking deposit accounts (the "Botteri Accounts") held by Mrs. Melita Botteri, deceased ("Mrs. Botteri"), with Chase Bank. We understand that you deposited the payments to your Chase Bank Plus Savings Account Number ending xxxx7301 (the "Mundola Savings Account").

Chase Bank has received demands from legal counsel representing a certain Ms. Emilia Addeo claiming to be the authorized representative of Mrs. Botteri's estate and demanding access to the Botteri Accounts, to account information, and to the funds Mrs. Botteri held with Chase Bank.

The Account Rules and Regulations, which are the contracts governing the Botteri Accounts and your Mundola Savings Account with Chase Bank, state as follows:

Adverse Claims:
Upon receipt of oral or written notice from any party of a claim regarding the Account, we may place a hold on your Account and shall be relieved of any and all liability for our failure or refusal to honor any item drawn on your Account or any other withdrawal instruction. We may file an action in interpleader with respect to any Account where we have been notified of disputed claims to that Account. If any person asserts that a dispute exists, we are not required to determine whether that dispute has merit in order to refuse to honor the item or withdrawal instruction, or to interplead any funds in the Account.

Chase Bank is invoking this provision of the contracts and will prohibit withdrawals from your Mundola Savings Account that would result in an account balance of less than $650,000 unless and until all competing parties agree on instructions for the distribution and disposition of the proceeds of the Botteri Accounts, or until one party provides Chase Bank with a court order specifically awarding control of the funds representing the proceeds of the Botteri Accounts to one party or the other. Alternatively, Chase Bank may choose to institute an interpleader proceeding and request that its costs be paid out of the proceeds of the Botteri Accounts or the Mundola Savings Account.

We look forward to a satisfactory resolution of the competing claims to the Botteri Account proceeds.

Please note that nothing contained in this letter shall constitute a waiver of any of Chase Bank's rights, all of which are expressly preserved.

Please contact me if you have any questions.

Sincerely,

Cc:     Vernie Y. Estwick
        JPMorgan Chase Bank, N.A.
        225 Havemeyer Street Branch