Christopher B. Hitchcock
Hitchcock & Cummings, LLP
120 West 45th Street, Suite 405
New York, New York 10036
Tel: (212) 688-3025
Fax: (212) 688-3040
Email: chitchcok@hitchcockcummings.com

Roy H. Carlin
Roy H. Carlin, PC
505 East 79th St., Apt. 14K
New York, New York 10075
Tel: (917) 751-7755
Fax: (212) 988-3942
Email: rcarlin@carlinlawoffices.com

Attorneys for Defendant Emilia Addeo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JPMORGAN CHASE BANK, N.A.,

                   Plaintiff-in-Interpleader,

      v.

JOSEPH MUNDOLA, EMILIA ADDEO and
JAMIE WOODWARD in her capacity as
Acting Commissioner for the New York State
Department of Taxation and Finance

                   Defendants-in-Interpleader.
-----------------------------------------------------------------x

10 Civ. 5383
(KAM) (VVP)

## ADDEO REPLY STATEMENT
## TO REQUEST HEARING TO ENFORCE SETTLEMENT AS MODIFIED
## AND COMPEL DISTRIBUTION OF INTERPLEADER FUNDS BEFORE CHRISTMAS

Roy H. Carlin, a member of the bar of this Court, affirms and declares the following under penalties of perjury:

1. I am the principal of Roy H. Carlin PC, Co-Counsel of record to defendant Emilia Addeo ("Addeo"). I make this Statement based upon personal knowledge and information and belief based upon the pleadings and my PC's Addeo office file.

2. This is an Interpleader Action concerning $650,000, commenced and amended by JPMorgan Chase Bank, N.A. ("JPMorgan") against defendants each of whom (which) claimed some interest in the Interpleader Fund (the "Fund").

3. Addeo requests a conference to force distribution of the Fund before this Christmas in accordance with a signed and acknowledged United States Global Stipulation of Settlement, dated in early September 2012 (the "U.S. Settlement") of the Fund which as of August 29, 2012, JPMorgan represented was to equal $682,942.13[1] with interest from that date. The U.S. Settlement is deemed Addeo Exhibit 1 and the General Releases are deemed Exhibit 2.

4. The parties to the U.S. Settlement and amounts due to each are set forth in the U.S. Settlement. *See* U.S. Settlement which is an Exhibit to Addeo's original request for a conference (ECF Docket No. 47). JPMorgan froze the Fund in March 2010, while commencing this action in November 2010.

5. JPMorgan seeks to hold the Fund forever on the grounds that Addeo's and JPMorgan's counsel have been unable with two (2) months of good faith effort to obtain an Italian Court order "accepting" the filed voluntary dismissal signed and acknowledged by each party to said action and their respective counsel of a parallel Italian action for conversion commenced by Addeo seeking the full proceeds of the Botteri Chase accounts on date of death which, if the JPMorgan statements were accurate, equaled approximately $850,000.

6. If necessary, Addeo seeks to modify the U.S. Settlement fully executed on September 11, 2012, and this Court's order of dismissal dated October 1, 2012 (ECF Docket No. 46). As argued below, the modification may be done in accordance with Fed. R. Civ. P. 60 (b) and, perhaps, the All Writs Statute 28 U.S.C. § 1651.

7. Addeo submits that an Italian Order or Judgment "accepting" the voluntary dismissal is "impossible" to achieve and redundant to the extreme.

8. Chase already has 4 "belts" and "suspenders."

---

[1] The amount exceeds the prayer and bond. The accrued compound interest (at less than 1% for two years), is too low to account for $32,942 ($682,942 - $650,000).

9. In the countersigned U.S. Settlement dated early September 2012, it is written, in part (paraphrased with paragraph numbers corresponding to those in the U.S. Settlement):

[Belt #1]

> 1. In settlement of any and all claims that they [defendants] have, had, may have or may have had that in any way relate to the Botteri Accounts, Mundola and Addeo agree that the funds in the Mundola Account shall be distributed as follows: $288,835.64 to Addeo and the balance to Mundola (the "Settlement Payments") [Addeo and Mundola have a side agreement to share subsequent interest pro rata in the ratio of the principal amounts. JPMorgan did not wish to make the calculation.]
>
> 2. ****************** omitted.

[Belt # 2]

> 3. Mundola shall provide a general release to Addeo and JPMorgan [The release was executed and delivered and is an exhibit to Addeo's original request as Exhibit 2.]
>
> 4. Addeo shall provide a general release to Mundola and JPMorgan [The release was executed and delivered and is an exhibit to Addeo's original request as Exhibit 2.]

[Belt # 3]

> 5. JPMorgan and Addeo agree voluntarily to dismiss with prejudice the Italian Action....[JPMorgan and Addeo signed with their respective counsel a Settlement Agreement entitled an "Italian Accordo Transattivo" and a version that was translated in English, which Italian counsel has advised was filed with the Italian Court in November 2012]. A copy of the signed Italian and English version are appended hereto as Exhibit 3.

[Belt # 4]

> 6. Addeo, JPMorgan, NYS, and Mundola voluntarily signed and filed a U.S. Stipulation of Voluntary Discontinuance with prejudice of this Interpleader Action (ECF Docket No. 46 dated October 1, 2012) in accordance with Fed. R. Civ P. 41(a)(1). The Rule provides in part:

> …an action may be dismissed by the plaintiff without order of the court …. (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action…

[Suspenders]

> 7. The warranties and representations in 7 through 8, 10 through 14 and 17, some redundant, also protect JPMorgan.

10. To demonstrate the unsuccessful good faith and best efforts of both JPMorgan's and Addeo's counsel, Addeo appends a series of exchanges between and among JPMorgan and Addeo's U.S. and Italian counsel endeavoring to induce the Italian Court to issue "an order dismissing the Italian Action with prejudice." The approximately twenty-five exchanges are attached as Exhibit 4.

## THE LAW

11. While I do not know the reason that the Italian court refused to "So order" the dismissal, years ago this happened to me in federal court in Miami. There, the Florida Court Clerk advised me that the Court does not "so order" voluntary dismissals pursuant to Rule 41 because the statute does not require it. Where there is consent, such as a signed voluntarily dismissal, she said: "there is no dispute or controversy for the court to resolve."

12. To repeat, attorney Doty for JPMorgan, I and each of our Italian counsel have, arduously and vigorously and in good faith sought to obtain an Italian Court order accepting the filed voluntary dismissal. It seems everyone but JPMorgan, which holds the money, seeks to end this international nightmare.

13. Addeo thus seeks to have this Court modify the U.S. So Ordered voluntary dismissal and underlying U.S. Settlement under Rule 60 (b) on such terms that are just. (Rule 54(a) defines "judgment" to include "order"). Rule 60 (b) provides:

4

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time…

14. The motion is timely under Rule 60 (b).

15. In a "hail Mary," this Court may also rely on the general equity powers of this Court and the All Writs Statute, 28 U.S.C. 1651, which provides in part:

> a. The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law.

**WHEREFORE**, on such terms as are just, Addeo prays for an order directing JPMorgan to distribute the Fund to the parties' counsel as set forth in the U.S. Settlement, within three business days of this Court's order.

Dated: New York, New York
December 4, 2012

_____
ROY H. CARLIN

5